IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AmBase Corporation,<br>　　　　Plaintiff, | )<br>)<br>) | JURY TRIAL |
| 　　v. | )<br>)<br>) | 3:08CV651WWE |
| United States of America,<br>　　　　Defendant. | )<br>)<br>) | |

## COMPLAINT

Plaintiff, AmBase Corporation, brings this action against defendant, and for its claim respectfully alleges:

1.　　　Plaintiff is a corporation organized under the laws of Delaware.

2.　　　Plaintiff's principal offices are located at 100 Putnam Green, Greenwich, Connecticut 06830.

3.　　　Plaintiff's tax identification number for Federal income tax purposes is 95-2962743.

4.　　　Defendant is the United States of America.

5.　　　This action arises under the Internal Revenue Code of 1986, as amended (26 U.S.C.) and is a suit for recovery of federal income taxes and related interest erroneously and illegally assessed against and collected from Plaintiff for the taxable year ending December 31, 1989 (taxable year 1989).

6.　　　Plaintiff has not transferred or assigned the claim herein presented or any part thereof and is the owner of the claim.  No action on this claim has been taken by the Congress of the United States or by any of the departments of the government other than the action by the

- 1 -

Treasury Department as hereinafter described.  No other suit or process by Plaintiff, or any assignee, is pending on this claim in any other court.

7.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1346(a)(1).

8.     Plaintiff brings this action in accordance with the requirements of 26 U.S.C. § 7422(a).

9.     This action is filed within the period of time specified in 26 U.S.C. § 6532(a).

10.     Venue for this action properly lies in the United States District Court for the District of Connecticut.

11.     For all taxable years referenced in this complaint, Plaintiff filed a consolidated federal income tax return for an affiliated group of member corporations.

12.      This action arises from a net operating loss deduction generated in the taxable year ending December 31, 1992 (hereinafter taxable year 1992) on Plaintiff's consolidated federal income tax return, which was carried back to taxable year 1989, resulting in a reduction in Plaintiff's 1989 tax liability.

13.     Plaintiff's 1992 net operating loss resulted in part from bad debt losses incurred by Plaintiff's wholly-owned subsidiary Carteret Savings Bank F.A. and its subsidiaries (collectively Carteret), and by Carteret's successor, Carteret Federal Savings Bank.

14.     In August 1988, Plaintiff acquired all of the stock of Carteret Bancorp, Inc., of which Carteret was a wholly owned subsidiary.

15.     After the acquisition by Plaintiff, Carteret Bancorp and Carteret joined Plaintiff and its other subsidiaries in the filing of Plaintiff's consolidated Federal income tax returns, with Plaintiff as the common parent.

16.     On December 4, 1992, Carteret was put into conservatorship by the U.S. Office of Thrift Supervision.  On the same day, the Resolution Trust Corporation and Federal Deposit Insurance Corporation seized Carteret's office premises and business records.  The U.S. Office of Thrift Supervision, the Resolution Trust Corporation and the Federal Deposit Insurance Corporation are collectively referred to hereinafter as the "Federal Thrift Regulators."

17.     As part of the conservatorship, the Federal Thrift Regulators created a new legal entity, Carteret Federal Savings Bank (New Carteret), as successor to Carteret, and all assets and liabilities of Carteret were transferred to New Carteret.

18.     New Carteret succeeded to and continued Carteret's taxable year 1992 and was included in Plaintiff's affiliated group.

19.     On August 30, 1993, Plaintiff, pursuant to an extension, timely filed its original consolidated federal income tax return for taxable year 1992.

20.     On the original consolidated return for taxable year 1992, Plaintiff reported a bad debt deduction in the amount of $56,005,961.

21.     After 1995, Plaintiff received information regarding Carteret and New Carteret that enabled it to increase the bad debt deduction for taxable year 1992 to which it is entitled. Plaintiff is entitled to a bad debt deduction in the amount of at least $125,253,834 for taxable year 1992, or such greater amount as allowed by law.

22.     This action is brought for the recovery of $7,162,875 in federal income tax for the taxable year 1989, or such greater amount as allowed by law, plus assessed interest and statutory interest as provided by law, resulting from the increased net operating loss deduction attributable to the increase in its bad debt deduction for 1992 to $125,253,834.

23.     On September 17, 1990, Plaintiff, pursuant to an extension, timely filed its original consolidated federal income tax return for taxable year 1989, reporting and fully satisfying the tax liability reported thereon of $19,769,187.

24.     On or about June 6, 1995, Plaintiff timely filed an amended consolidated federal income tax return protecting its right to refunds for taxable year 1989, to reflect the carryback of net operating losses resulting from other taxable years, including 1992.

25.     In June 1995, Plaintiff made an informal claim for refund for taxable year 1989 to reflect the carryback of net operating losses resulting from other taxable years, including 1992.

26.     The Internal Revenue Service examined Plaintiff's taxable year 1989 consolidated return and assessed taxes and interest, which Plaintiff has paid in full.

27.     On March 14, 2000, Plaintiff timely filed an amended consolidated federal income tax return for taxable year 1989 to reflect the increased net operating loss carryback from taxable year 1992 to taxable year 1989 that resulted from the increased bad debt losses in taxable year 1992, claiming a refund in the amount of $10,741,501 for taxable year 1989, plus assessed interest and statutory interest according to law.

28.     On February 23, 2005, Plaintiff executed a Form 2297 waiver resulting in the disallowance of its 1989 refund claim.

29.     Plaintiff and the Internal Revenue Service timely entered a Form 907 Agreement to Extend the Time to Bring Suit for Taxpayer's claim regarding taxable year 1989, extending the time to bring this action until May 2, 2008.

30.     For the aforementioned reasons, Plaintiff has overpaid its federal income taxes for taxable year 1989 and is entitled to a refund of tax in the amount of $7,162,875, or such greater amount as allowed by law, plus related assessed interest and statutory interest according to law.

31.     Although repayment has been demanded, no part of such overpaid tax of $7,162,875 and related interest has been credited, remitted, refunded or repaid to Plaintiff.

WHEREFORE, Plaintiff prays for a judgment in its favor against Defendant in the amount of $7,162,875 in overpaid taxes or such greater amount as the Court may determine, plus assessed interest and statutory interest according to law.  Plaintiff **hereby demands a jury trial** on all issues triable by jury.

Respectfully submitted,

George C. Springer, Jr. (ct03263)
Thelen Reid Brown Raysman & Steiner LLP
185 Asylum Street, 10th Floor
CityPlace II
Hartford, Connecticut 06103
Telephone:  860.275.6400
Facsimile:   860.275.6410

CT #171336 v1