IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AmBase Corporation, | ) | |
| Plaintiff, | ) | JURY TRIAL |
| | ) | |
| | ) | |
| v. | ) | 3:08CV651 |
| | ) | |
| United States of America, | ) | |
| Defendant | ) | |

———————————————

ANSWER

———————————————

Comes now the United States, by its attorney, Nora Dannehy, the Acting United States Attorney for the District of Connecticut, and answers the plaintiff's complaint as follows:

1.     Plaintiff is a corporation organized under the laws of Delaware.

**RESPONSE:** The United States admits the allegations  in paragraph 1 of the plaintiff's complaint.

2.     Plaintiff's principal offices are located at 100 Putnam Green, Greenwich, Connecticut 06830.

**RESPONSE:** The United States admits the allegations  in paragraph 2 of the plaintiff's complaint.

3.     Plaintiff's tax identification number for Federal income tax purpose is [redacted] xx-xxx2743.

**RESPONSE:** The United States admits the allegations  in paragraph 3 of the plaintiff's complaint.

2

4.      Defendant is the United States of America.

**RESPONSE:**  The United States admits the allegation in paragraph 4 of the complaint.

5.      This action arises under the Internal Revenue Code of 1986, as amended (26 U.S.C.) and is a suit for recovery of federal income taxes and related interest erroneously and illegally assessed against and collected from Plaintiff for the taxable year ending December 31, 1989 (taxable year 1989).

**RESPONSE:**  The United States denies the allegation in paragraph 5 of the complaint except it admits that this action arises under the Internal Revenue Code.

6.      Plaintiff has not transferred or assigned the claim herein presented or any part thereof and is the owner of the claim.  No action on this claim has been taken by the Congress of the United States or by any of the departments of the government other than the action by the Treasury Department as hereinafter described.  No other suit or process by Plaintiff, or any assignee, is pending on this claim in any other court.

**RESPONSE:**  The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint .

7.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1346(a)(1).

**RESPONSE:**  Jurisdiction exists, if at all, pursuant to 26 U.S.C. §7422(a) and 28 U.S.C. §1346(a)(1).

8.      Plaintiff brings this action in accordance with the requirements of 26 U.S.C. § 7422(a).

**RESPONSE:**  The United States denies the allegations in paragraph 8 of the plaintiff's

3

complaint.

9.      This action is filed within the period of time specified in 26 U.S.C. § 6532 (a).

**RESPONSE:** The United States denies the allegations in paragraph 9 of the plaintiff's

complaint.

10.     Venue for this action properly lies in the United States District Court for the

District of Connecticut.

**RESPONSE:** The United States admits the allegations in paragraph 10 of the plaintiff's

complaint.

11.     For all the taxable years referenced in this complaint, Plaintiff filed a consolidated

federal income tax return for an affiliated group of member corporations.

**RESPONSE:** The United States is without information or knowledge sufficient to form a belief

as to the truth of the allegations in paragraph 11 of the complaint .

12.     This action arises from a net operating loss deduction generated in the taxable

year ending December 31, 1992 (hereinafter taxable year 1992) on Plaintiff's consolidated

federal income tax return, which was carried back to taxable year 1989, resulting in a reduction

in Plaintiff's 1989 tax liability.

**RESPONSE:** The United States denies the allegations in paragraph 12 of the plaintiff's

complaint except it admits that this action arises from the plaintiff's claimed net operating loss in

1992 that it claims should be carried back to 1989 to reduce its income tax liability for the

taxable year 1989.

13.     Plaintiff's 1992 net operating loss resulted in part from bad debt losses incurred

4

by Plaintiff's wholly-owned subsidiary Carteret Savings Bank F.A. and its subsidiaries

(collectively Carteret), and by Carteret's successor, Carteret Federal Savings Bank.

**RESPONSE:** The United States denies that the plaintiff had a net operating loss in 1992.

14.    In August 1988, Plaintiff acquired all of the sock of Carteret Bancorp, Inc.,

of which Carteret was a wholly owned subsidiary.

**RESPONSE:** The United States admits the allegations in paragraph 14 of the plaintiff's

complaint.

15.    After the acquisition by Plaintiff, Carteret Bancorp and Carteret joined Plaintiff

and its other subsidiaries in the filing of Plaintiff's consolidated Federal income tax returns, with

Plaintiff as the common parent.

**RESPONSE:** The United States is without information or knowledge sufficient to form a belief

as to the truth of the allegations in paragraph 15 of the complaint .

16.    On December 4, 1992, Carteret was put into conservatorship by the U.S. Office of

Thrift Supervision.  On the same day, the Resolution Trust Corporation and Federal Deposit

Insurance Corporation seized Carteret's office premises and business records.  The U.S. Office

of Thrift Supervision, the Resolution Trust Corporation and the Federal Deposit Insurance

Corporation are collectively referred to hereinafter as the "Federal Thrift Regulators."

**RESPONSE:** The United States admits the allegations in paragraph 16 of the plaintiff's

complaint.

17.    As part of the conservatorship, the Federal Thrift Regulators created a new legal

entity, Carteret Federal Savings Bank ( New Carteret), as successor to Carteret, and all assets and

liabilities of Carteret were transferred to New Carteret.

**RESPONSE:** The United States admits the allegations  in paragraph 17 of the plaintiff's complaint.

18.     New Carteret succeeded to and continued Carteret's taxable year 1992 and was included in Plaintiff's affiliated group.

**RESPONSE:**   The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint .

19.     On August 30, 1993, Plaintiff, pursuant to an extension, timely filed its original consolidated federal income tax return for taxable year 1992.

**RESPONSE:** The United States admits the allegations in paragraph 19 of the plaintiff's complaint.

20.     On the original consolidated return for taxable year 1992, Plaintiff reported a bad debt deduction in the amount of $56,005,961.

**RESPONSE:** The United States denies the allegations in paragraph 20 of the complaint.  The United States alleges that the plaintiff claimed $58,020,685 as a bad debt deduction, $56,005,961 of which was attributable to Carteret.

21.     After 1995, Plaintiff received information regarding Carteret and New Carteret that enabled it to increase the bad debt deduction for taxable year 1992 to which it is entitled. Plaintiff is entitled to a bad debt deduction in the amount of at least $125, 253, 834 for taxable year 1992, or such greater amount as allowed by law.

**RESPONSE:** The United States denies the allegations in paragraph 21 of the complaint.

22.     This action is brought for the recovery of $7,162, 875 in federal income tax for the taxable year 1989, or such greater amount as allowed by law, plus assessed interest and statutory interest as provided by law, resulting from the increased net operating loss deduction attributable to the increase in its bad debt deduction for 1992 to $125, 253, 834.

**RESPONSE:**  The United States denies that the plaintiff is entitled to any increased bad debt deductions for the year 1992.

23.     On September 17, 1990, Plaintiff, pursuant to an extension, timely filed its original consolidated federal income tax return for taxable year 1989, reporting and fully satisfying the tax liability reported thereon of $19, 769, 187.

**RESPONSE:**  The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint .

24.     On or about June 6, 1995, Plaintiff timely filed an amended consolidated federal income tax return protecting its right to refunds for taxable year 1989, to reflect the carryback of net operating losses resulting from other taxable years, including 1992.

**RESPONSE:**  The United States denies the allegations in paragraph 24 of the complaint.

25.     In June 1995, Plaintiff made an informal claim for refund for taxable year 1989 to reflect the carryback of net operating losses resulting from other taxable years, including 1992.

**RESPONSE:**  The United States denies the allegations in paragraph 25 of the complaint.

26.     The Internal Revenue Service examined Plaintiff's taxable year 1989 consolidated return and assessed taxes and interest, which Plaintiff has paid in full.

**RESPONSE:**  The United States is without information or knowledge sufficient to form a belief

as to the truth of the allegations in paragraph 26 of the complaint .

27.     On March 14, 2000, Plaintiff timely filed an amended consolidated federal income tax return for taxable year 1989 to reflect the increased net operating loss carryback from taxable year 1992 to taxable year 1989 that resulted from the increased bad debt losses in taxable year 1992, claiming a refund in the amount of $10,741,501 for taxable year 1989, plus assessed interest and statutory interest according to law.

**RESPONSE:** The United States admits that the plaintiff filed an amended federal income tax return for the year 1989 on or about March 14, 2000, that reflected an overpayment for 1989 in the amount of $10,741,501.  The United States denies that that amended return was timely and denies that the plaintiff was entitled to any additional net operating loss carryback from 1992 to 1989 as a result of increased bad debt losses in 1992.

28.     On February 23, 2005, Plaintiff executed a Form 2297 waiver resulting in the disallowance of its 1989 refund claim.

**RESPONSE:** The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 28 of the complaint.

29.     Plaintiff and the Internal Revenue Service timely entered a Form 907 Agreement to Extend the Time to Bring Suit for Taxpayer's claim regarding taxable year 1989, extending the time to bring this action until May 2, 2008.

**RESPONSE:** The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 29 of the complaint.

30.     For the aforementioned reasons, Plaintiff has overpaid its federal income

taxes for taxable year 1989 and is entitled to a refund of tax in the amount of $7,162,875,

or such greater amount as allowed by law, plus related assessed interest and statutory interest

according to law.

**RESPONSE:**  The United States denies the allegations  in paragraph 30 of the plaintiff's

complaint.

31.     Although repayment has been demanded, no part of such overpaid tax of

$7,162,875 and related interest has been credited, remitted, refunded or repaid to Plaintiff.

**RESPONSE:**  The United States denies that any amounts have been overpaid by the plaintiff.

32.     The United States alleges that the plaintiff has omitted $31,505,486 from its gross

income for the 1992 taxable year and $63,000,000 from its alternative minimum taxable income

for its taxable year 1989.  The United States also alleges that the plaintiff has omitted an

undetermined amount of Federal Financial Assistance from its gross income for the year 1992.

All of these amounts of omitted income relating to the year 1992 would offset any deductions,

including net operating losses, for the year 1992 that the plaintiff may otherwise be able to claim.

The amount of the 1989 omission from alternative minimum taxable income may reduce any

overpayment attributable to the plaintiff's 1989 taxable year.

9

WHEREFORE, the United States prays that the plaintiff's complaint be dismissed with prejudice, that the plaintiff be ordered to pay the costs of the United States and that the Court grant the United States any other and further relief that it deems just and proper.

DEFENDANT DEMANDS TRIAL BY JURY

NORA DANNEHY
Acting United States Attorney

NDIDI N. MOSES
Assistant U.S. Attorney

*s/stephen t. lyons*
STEPHEN T. LYONS
Senior Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C.  20044
Telephone:  (202) 307-6546
E-mail: stephen.t.lyons@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that, on July 1, 2008, the foregoing United States' Answer

was electronically filed with the Clerk of Court using the CM/ECF system.


<u>*s/ stephen t. lyons*</u>
STEPHEN T. LYONS
Senior Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6546