IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMBASE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08CV651-WWE |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT UNITED STATES' MEMORANDUM
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY INCLUDING PLAINTIFF
AMBASE'S MOTION TO COMPEL DISCOVERY

Now comes the Defendant United States of America, and submits this memorandum in support of its motion to stay discovery in the above-captioned action, including Plaintiff AmBase's motion to compel discovery (Doc. Ent. 31) until the Court decides the United States' motion to dismiss the action (Doc. Ent. 29).

PROCEDURAL BACKGROUND

On September 28, 2009, the United States filed its motion to dismiss the above-captioned action.  *See* Doc. Ent. 29.  In response to its motion to dismiss, AmBase filed (1) its memorandum in opposition to the motion to dismiss (Doc Ent. 30), (2) a motion to compel discovery (Doc. Ent. 31), and (3) a motion for partial summary judgment (Doc. Ent. 32).  The United States filed its reply to AmBase's memorandum in opposition to its motion to dismiss on November 2, 2009 (*see* Doc. Ent. 34), and the United States now moves to stay discovery including AmBase's motion to compel discovery.

1

4828837.1

ARGUMENT

AmBase seeks to compel discovery from the United States with respect to AmBase's allegation that it filed a refund claim that was timely pursuant to 26 U.S.C. § 6511(c). Under Federal Rule of Civil Procedure 26(c), courts have "'the discretion to stay discovery 'for good cause' and . . . good cause may be shown where a party has filed (or sought leave to file) a dispositive motion.'" *See Cuartero v. United States*, 2006 WL 3190521, *1 (D. Conn. Nov. 1, 2006), *quoting Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 U.S. Dist. LEXIS 2684, *6 (S.D.N.Y. Mar. 7, 1996).

In deciding whether to stay discovery and a motion to compel discovery, this Court utilizes a three-part test that considers: (1) the breadth and burden of the requested discovery, (2) the prejudice to the plaintiff, and (3) the strength of the motion to dismiss. *See Cuartero*, 2006 WL 3190521, *1. Applying this test, the Court should stay discovery and AmBase's motion to compel discovery until the resolution of the United States' motion to dismiss.

Under the first part of the test, AmBase's discovery requests are extensive. Even after the United States' production of thousands of pages of documents, AmBase's motion to compel discovery seeks, among other things, all documents relating to meetings and telephone conversations that may (or may not) have taken place nearly 15 years ago, as well as purported protective claims that AmBase alleges were filed over a decade ago. AmBase's discovery requests, and the United States' burden to respond to them, will be totally unnecessary if the Court grants the United States' motion to dismiss. As this Court noted in *Cuartero*, "[p]ermitting discovery to proceed at this point would be unduly burdensome to the defendant and would be inefficient for both parties, since the court's decision on the Motion to Dismiss

may significantly narrow the issues.  If discovery were to continue, it would also be likely to result in additional motion practice, since the IRS contends that it is not required to produce anything at all to the plaintiff." *See Cuartero*, 2006 WL 3190521, *3.  If discovery continued here, it would undoubtedly result in additional motion practice because the United States asserted in its reply to its motion to dismiss that additional discovery is unnecessary  To prevent a waste of resources, both to the parties and to the Court, discovery should be stayed until the Court renders a decision on the United States' motion to dismiss.

Under the second part of the test, a stay of discovery including the motion to compel discovery will not prejudice AmBase.  As this Court previously noted, "[t]he prejudice to plaintiff from a stay in discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss." *See id*.  The Court's decision on the United States' motion to dismiss will logically direct the next step in the litigation.  The Court could (1) grant the United States' motion to dismiss, upon which the litigation will end, (2) deny the motion to dismiss based on  § 6511(d)(1) upon which discovery regarding § 6511(c) will be moot, or (3) deny the motion based on § 6511(c), and then the parties may pick up where they left off with respect to AmBase's motion to compel discovery.  Not staying discovery until the Court decides the United States' motion to dismiss actually prejudices AmBase as well as the United States, for each party would incur costs by litigating the motion to dismiss and motion to compel at the same time when such a parallel track is unnecessary.

Finally, under the third part of the test, the United States' motion to dismiss has the requisite strength to justify consideration while discovery is stayed.  At the very least, the motion to dismiss "raise[s] substantial issues based on statutes, caselaw, and the facts of this case." *See*

*id.* at *2.  The United States' motion is based upon 26 U.S.C. § 6511, 26 C.F.R. § 301.6402-2 (the regulations promulgated by the Secretary of the Treasury under the specific delegation of 26 U.S.C. § 7422 that prescribe the requirements for a valid claim for refund), and various cases to establish that AmBase's purported claim for refund, even if it had been filed would not support jurisdiction over the issues AmBase seeks to raise in this proceeding because it would violate the variance doctrine that requires that the grounds raised in a claim for refund be the same as the grounds raised in the action before a district court.  And, as described above, a decision upon the United States' motion to dismiss will necessarily guide the parties to the next step of the litigation (or it may end the litigation altogether).

## CONCLUSION

The Court should stay discovery in this action, including AmBase's motion to compel discovery, until the Court decides the United States' motion to dismiss.

NORA DANNEHY
United States Attorney

*/s/Alex T. Case*
ALEX T. CASE
Federal Bar No. phv03099
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Tel: (202) 307-6499 / Fax: (202) 514-5238
Email: Alex.T.Case@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2009, a copy of the foregoing DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY DISCOVERY INCLUDING PLAINTIFF AMBASE'S MOTION TO COMPEL DISCOVERY was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that on November 6, 2009, I mailed a paper courtesy copy of the foregoing DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY DISCOVERY INCLUDING PLAINTIFF AMBASE'S MOTION TO COMPEL DISCOVERY to the Court at the address listed below, as required by the Court's Electronic Filing Order (Doc. Ent. 3):

>   The Honorable Warren W. Eginton
>   Senior United States District Judge
>   District of Connecticut
>   Brian McMahon Federal Building
>   United States Courthouse
>   915 Lafayette Boulevard - Suite 335
>   Bridgeport, Connecticut 06604

>   */s/Alex T. Case*
>   ALEX T. CASE
>   Trial Attorney, Tax Division
>   U.S. Department of Justice
>   P.O. Box 55, Ben Franklin Station
>   Washington, D.C. 20044-0055